IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL PACHECO CARRILLO | ) | |
| | ) | |
| Petitioner, | ) | No. 25 C 12963 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; SAMUEL OLSON, Field Office Director; Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General, | ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Manuel Pacheco Carrillo ("Pacheco Carrillo") has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in Immigration and Customs Enforcement ("ICE") custody. For the following reasons, the court grants Pacheco Carrillo's petition. Respondents are ordered to provide Pacheco Carrillo with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 12, 2025, the court orders Pacheco Carrillo to be released.

**BACKGROUND**

Pacheco Carrillo is a 48-year-old citizen of Mexico. Pacheco Carrillo has resided in the United States for approximately 30 years and lives in Illinois with his wife and U.S. citizen child. Pacheco Carrillo last entered the Unites States in 1995 at the age of 18. He has maintained

1

consistent employment, paid taxes, and contributed positively to his community and his child's school activities. He has no criminal history.

On or about October 23, 2025, Pacheco Carrillo was detained in Illinois while he was commuting to work. He was processed at ICE's Broadview facility. According to respondents, he is currently in custody at the North Lake Processing Center ("Baldwin") located at 1805 W 32nd Street, Baldwin, Michigan. On October 23, 2025, Pacheco Carrillo was issued a Notice to Appear for removal proceedings. Accordingly, he is currently scheduled to appear before an immigration judge at 9:30 a.m. on November 7, 2025.

Pacheco Carrillo has not yet had a bond hearing pursuant to 8 U.S.C. § 1226(a). Although Pacheco Carillo has an appearance before an immigration judge scheduled, there is no indication that this will be a § 1226(a) bond hearing. There is also no indication that a § 1226(a) bond hearing will be forthcoming.

## DISCUSSION

Because Pacheco Carrillo was in custody in Illinois when he filed his petition, the court may properly hear the petition regardless of his subsequent transfer to Michigan. Ex parte Endo, 323 U.S. 283, 307 (1944); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025); In re Hall, 988 F.3d 376, 378-79 (7th Cir. 2021).

Respondents make the same jurisdictional arguments here that they have made in numerous courts across the country—including in this district. A vast majority of those courts concluded that they had jurisdiction over petitions challenging denial of petitioners' right to seek

2

bond. See, e.g., Miguel v. Noem et al, No. 25-cv-11137 (N.D. Ill. Oct. 21, 2025); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779 at *2 (N.D. Ill. Oct. 16, 2025); Alejandro v. Olson, No. 25-cv-02027, 2025 WL 2896348, at *3 (S.D. Ind. Oct. 11, 2025). This court joined that majority in its decision in Flores v. Olson, No. 25-cv-12916 (N.D. Ill. Nov. 3, 2025). For the same reasons as the court articulated in its opinion in that case, the court finds that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings. Additionally, like in Flores, the court finds that requiring Pacheco Carrillo to exhaust his remedies would be futile.

Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. See Trump 604 U.S. at 672; Rumsfeld v. Padilla, 542 U.S. 426 at 442 (2004); see generally Reimnitz v. State's Att'y of Cook Cnty., 761 F.2d 405, 409 (7th Cir. 1985) (explaining that in some circumstances "the important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom"). Respondents have stated that they "understand" that Kimberly Ball is the proper respondent for Baldwin. Thus, Kimberly Ball will be joined as a respondent in the caption pursuant to Federal Rule of Civil Procedure 19. The lack of certainty around the immediate custodian of Pacheco Carillo constitutes an extenuating circumstance. Thus, in an abundance of caution, the other respondents will remain on the caption until his immediate custodian is identified with certainty. At that point, the immediate custodian will be substituted for the rest of the listed respondents under Rule 25(d).

Respondents advance the same statutory interpretation arguments that have already been rejected by this court in Flores and its sister courts in numerous other cases. See, e.g., Ochoa

3

Ochoa, 2025 WL 2938779 at *4-5; H.G.V.U. v. Smith, No. 25-cv-10931, 2025 WL 2962610, at *4-5 (N.D. Ill. Oct. 20, 2025).  Again, the court, in agreement with the majority of its sister courts, finds that the mandatory detention provision within the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens who are inadmissible under the INA but are already present in the country (such as Pacheco Carrillo). The court rejects the Bord of Immigration Appeals' interpretation of the INA in Yajure Hurtado as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this court.

      Finally, as in Flores and the countless other similar cases, this court finds that the denial of bond based on Yajure Hurtado violates procedural due process.  This court's discussion of Due Process in Flores applies with equal weight to Pacheco Carrillo.

**CONCLUSION**

For the above reasons, the court grants Pacheco Carrillo's petition. Respondents are ordered to provide Pacheco Carrillo with a bond hearing pursuant to the process outlined in 8 U.S.C. §1226(a) within five calendar days of the issuance of this order. If the bond hearing is not held by November 12, 2025, the court orders Pacheco Carrillo to be released. The parties are directed to file a status report by November 14, 2025, updating the court on whether the ordered bond hearing was held and the status of his continued detention or release from custody. The clerk is directed to add "Kimberly Ball, Warden of the North Lake Processing Center in Baldwin, Michigan" as a respondent.

        **ENTER:**

        **Robert W. Gettleman**
        **United States District Judge**

**DATE: November 6, 2025**